UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MONGE ORELLANA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-04322-DAD-CKD (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

On June 5, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On June 9, 2026, the court construed petitioner's petition as including a motion for a temporary restraining order. (Doc. No. 4.) Accordingly, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (*Id.*)

On June 10, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 6.) Upon review of that opposition, the court found that it failed to provide the necessary factual background to evaluate respondents' arguments regarding the appropriate detention authority in this case. (Doc. No. 8.) The court ordered respondents to file supplemental

1

briefing providing that necessary background information. (*Id.* at 2.) On June 11, 2026, respondents filed supplemental briefing that discussed the material facts in this action. (Doc. No. 9.) Respondents represent that petitioner entered the United States as an unaccompanied minor in 2016. (*Id.* at 2.) Nevertheless, respondents argue that petitioner is now an adult subject to detention pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–3), an argument which the undersigned has rejected on several prior occasions.[1] *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents also request that the court rule on the petition in its entirety based upon the current briefing. (Doc. No. 6 at 6.)

Based upon a review of the briefing, the court finds the following facts. On or about December 2, 2016, petitioner entered the United States as an unaccompanied minor. (Doc. No. 9-1 at 1–2.) On December 2, 2016 petitioner encountered immigration authorities and was detained by them. (*Id.* at 6.) On January 5, 2017, petitioner was released as an "unaccompanied alien child" on an order of recognizance. (*Id.*) On October 10, 2025, petitioner was arrested in Florida for a misdemeanor offense and, on October 11, 2025, petitioner encountered immigration authorities and was detained by those authorities. (*Id.*)

Because petitioner entered this country as an unaccompanied minor, he cannot be detained pursuant to 8 U.S.C. § 1225(b) but only pursuant to 8 U.S.C. § 1232. *Cornejo v. Andrews*, — F. Supp. 3d —, 2026 WL 237748, at *7 (E.D. Cal. Jan. 29, 2026) (explaining that the petitioner who entered as an unaccompanied minor and was classified as such could not have his status reassessed and accordingly could not be detained pursuant to § 1225(b)(2)(A)); *see also P.A.H.E. v. Noem*, No. 1:26-cv-01164-DJC-JDP, 2026 WL 451662, at *2 (E.D. Cal. Feb. 17, 2026) (same). Other district courts have concluded that prior release pursuant to § 1232 creates a protected liberty interest in continued release, that it necessarily required respondents to determine that the released person did not pose a danger or a flight risk, and accordingly that due process required a

---

[1] Respondents also argue that 8 U.S.C. §§ 1252(g) & 1252(b)(9) bar this court from exercising jurisdiction. (Doc. No. 6 at 2–3.) The court has rejected this argument as contrary to binding Ninth Circuit precedent on multiple occasions. *See, e.g., Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778, at *3 (E.D. Cal. Aug. 20, 2025); *Rojas-Castro v. Warden, Central Valley Annex*, No. 1:26-cv-04271-DAD-JDP (HC), 2026 WL 1662716, at *1 n.1 (E.D. Cal. June 9, 2026).

pre-deprivation hearing prior to any re-detention. *Cornejo*, 2026 WL 237748, at \*8–10; *see also* *P.A.H.E.*, 2026 WL 451662, at \*2–3. The court finds this reasoning persuasive and adopts it here. Accordingly, because petitioner was previously released pursuant to 8 U.S.C. § 1232, he was entitled to a pre-deprivation hearing prior to any re-detention and immediate release is the appropriate remedy.

For the reasons above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

      a.      Respondents are ORDERED to immediately release petitioner Luis Monge Orellana, A-File No. 209-904-760, from respondents' custody on the conditions, if any, he was subject to prior to his detention on October 11, 2025;

      b.      Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2.      The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

3.      The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:  **June 12, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3